# NO. 12-16-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY ANDREW DAVIS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jimmy Andrew Davis, Jr. appeals his convictions for aggravated assault causing serious bodily injury and kidnapping. In one issue, Appellant argues that his sentences are grossly disproportionate to his offenses. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault causing serious bodily injury and aggravated kidnapping. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Ashley Webb was homeless and Appellant allowed her to stay at a mobile home he shared with two other roommates. After Webb refused Appellant's repeated sexual advances, Appellant struck Webb with his fist, rendering her unconscious. When Webb awoke, her face was so swollen that she could not talk, and two of her teeth were detached and lying inside her mouth. Thereafter, Appellant kept Webb in a bedroom, locked from the outside, and told her that she could not leave. Eventually, after waking up in the room and seeing Appellant sleeping, Webb found a hidden key to the door and escaped.

Webb was subsequently treated for a fractured jaw and shattered cheekbone. Doctors performed reconstructive surgery to her face and mouth and placed titanium plates in the right

side of her face.  Webb's jaw was wired shut for six months.  At the time of trial, she was still unable to fully open her mouth.

Ultimately, the jury found Appellant "guilty" of aggravated assault causing serious bodily injury and kidnapping, enhanced by two prior felonies, and assessed his punishment at imprisonment for life in each case.  This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by sentencing him to imprisonment for life. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.  Specifically, he contends that a life sentence is grossly disproportionate to his offense, considering the facts and circumstances of the offense and in comparison with sentences imposed on other defendants for the same offense. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

The State argues that Appellant failed to preserve error for our review by a timely objection or motion in the trial court. *See* TEX. R. APP. P. 33.1.  When a defendant fails to object to the disproportionality of his sentence in the trial court, he forfeits such error on appeal. *See Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object).

Here, Appellant did not object in the trial court to the disproportionality of his sentences. Therefore, any error in this regard has been forfeited. *See Solis,* 945 S.W.2d at 301-02; *see also Rhoades*, 934 at 120; *Curry*, 910 S.W.2d at 497.  But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.  This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment.

2

*Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, Appellant was convicted of aggravated assault causing serious bodily injury and kidnapping, enhanced, the punishment range for which is twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.34(a), 12.42(d), 20.03, 22.02 (West 2011 & Supp. 2016). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that his sentence is "extremely disproportionate." Under the three part test originally set forth in *Solem v. Helm*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the Solem test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266,

3

100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265-66, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In the case at hand, the offense committed by Appellant—aggravated assault causing serious bodily injury and kidnapping—is more severe than the combination of offenses committed by the appellant in *Rummel*, and Appellant received a life sentence like that upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the Solem test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46.

Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 9, 2017

NO. 12-16-00245-CR

**JIMMY ANDREW DAVIS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31763)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*